IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE COCA-COLA COMPANY<br><br>Plaintiff,<br>vs.<br><br>EL POLLO REGIO FRANCHISING, LLC<br><br><br>Attn:  Hector J. Rodriguez, Chief Operating Officer<br>        and Registered Agent<br><br>Defendant. | CIVIL ACTION NO.:<br><br>_____ |

**COMPLAINT FOR DAMAGES**

The Coca-Cola Company, a Delaware corporation ("TCCC"), seeks damages from El Pollo Regio Franchising, LLC, a Texas limited liability company ("Pollo Regio"), arising from Pollo Regio's wrongful repudiation of a Beverage Marketing Agreement (the "BMA") dated June 8, 2012 entered into between Coca-Cola Foodservice ("CCF", an unincorporated division of TCCC) and Pollo Regio.

**Jurisdiction and Venue**

1.     Subject matter jurisdiction exists based upon diversity of citizenship as set forth in 28 U.S.C. § 1332.  The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  As provided by 28 U.S.C. § 1332(c), Pollo Regio is organized in Texas and has its headquarters and principal place of business in Texas, and is deemed to be a citizen of the State of Texas.  As provided by 28 U.S.C. § 1332(c), TCCC, as a Delaware corporation, having

its headquarters and principal place of business in the State of Georgia, is deemed to be a citizen of the State of Delaware and of the State of Georgia.

2. Venue is proper in this Court pursuant 28 U.S.C. § 1391(b) because Pollo Regio is domiciled in this judicial district and substantive events giving rise to the claims of TCCC occurred in this judicial district.

3. This Court has personal jurisdiction over Pollo Regio because it is domiciled in this judicial district.

**The Parties**

4. TCCC, headquartered in Atlanta, Georgia, is a multinational beverage enterprise that primarily manufactures, retails and markets various nonalcoholic beverages including concentrates and syrups bearing some of the most iconic brands recognized throughout the world. Pollo Regio owns, operates and/or franchises casual dining restaurants specializing in flame-grilled chicken offerings primarily in the State of Texas.

5. TCCC, through CCF, entered into the BMA dated June 8, 2012 with Pollo Regio (a redacted version of the BMA is attached as Exhibit A).[1]

6. Pursuant to Exhibit A-1 (p. 3) of the BMA, Pollo Regio, for its participating System Outlets, was obligated to purchase a minimum of 197,650 gallons of Fountain and Tea Syrups under the BMA.

---

[1] The redactions pertain to sensitive and confidential proprietary pricing information none of which is material to the allegations of the Complaint. Pollo Regio has a complete version of the BMA and, to the extent this Court deems appropriate an examination of the unredacted BMA, TCCC will file a motion with this Court to file such unredacted version under seal.

7. Pursuant to Exhibit A-2 (p. 7) of the BMA, Pollo Regio, for its participating System Outlets, was obligated to purchase a minimum of 50,375 physical cases of Bottle/Can Beverages under the BMA.

8. As specified on page 2 of the BMA, the Term of the BMA extended until the Volume Commitments as specified in the BMA (including the aforementioned Volume Commitment) were satisfied or for 5 years, whichever occurred later.

9. Pursuant to paragraph 3 (p. 7) of Exhibit A-2 of the BMA, during the Term of the BMA, TCCC provided each Participating System Outlet of Pollo Regio with various Cold Drink Equipment as described therein to be used for the mixing of Fountain Syrups in the preparation and dispensing of various fountain beverages.

10. As provided by paragraph 1 of Exhibit C of the BMA, grounds for termination of the BMA are as follows:

> (i) Either party may terminate the Agreement if the other party fails to comply with a material term or condition of the Agreement and does not remedy the failure within ninety (90) days after receiving written notice specifying the non-compliance; or (ii) CCF may terminate the Agreement if, at any time during the Term or over the course of the Term, there is a transfer or closing of a substantial number (30% or higher) of the Participating System Outlets or a transfer of a substantial portion of the assets of Franchisor that is not in the ordinary course of business (the "Termination Grounds").

### COUNT I
### (Breach of Contract)

11. TCCC realleges paragraphs 1 through 10 of this Complaint as if fully repeated herein.

12. On or around October 17, 2017, Pollo Regio informed TCCC of a unilateral decision to cease its required purchases under the BMA for reasons wholly unrelated to the BMA and without Termination Grounds.

13. Although Pollo Regio had no contractual basis to repudiate the BMA, TCCC decided not to challenge that decision but to invoice Pollo Regio for amounts due under the terms of the BMA in connection with the repudiation of the BMA by Pollo Regio.

14. By invoice dated February 23, 2018 (Exhibit B), TCCC issued its notification to Pollo Regio for the contractual damages arising from the termination of the BMA in the total amount of $210,493.

15. As subsequently explained to the Chief Operating Officer of Pollo Regio, Hector J. Rodriguez, the invoiced amount consists of four different elements:

|      |                                    |            |
|------|------------------------------------|-----------:|
| (i)  | Failure to meet the Volume Commitments | $ 21,139 |
| (ii) | Removal costs of equipment         | $ 17,500   |
| (iii)| Unbundling costs                   | $ 88,069   |
| (iv) | Remanufacturing equipment costs    | $ 83,785   |
|      | **Total Amount Due**               | **$ 210,493** |

16. Despite the issuance of the invoice and follow-up payment demands from TCCC, no payment has been forthcoming from Pollo Regio.

17. Pollo Regio's repudiation of the BMA constitutes a material breach of the BMA by Pollo Regio.

18. TCCC has satisfied all conditions precedent under the BMA to demand the amount owed by Pollo Regio.

19. Accordingly, as of the date hereof, Pollo Regio owes to TCCC the sum of $210,493.

WHEREFORE, TCCC requests entry of judgment against Pollo Regio in the amount of $210,493, plus prejudgment and post-judgment interest as allowed by law, costs of suit, including attorneys' fees, and such other relief as the Court deems just and appropriate.

    /s/ Adam Pierson
Adam Pierson – Texas Bar # 24074897
DLA PIPER LLP (US)
1717 Main St., Suite 4600
Dallas, TX  75201
Telephone:  214.743.4512
Facsimile:  972.813.6246
E-Mail:  Adam.Pierson@dlapiper.com

Andrew Zollinger – Texas Bar # 24063944
DLA PIPER LLP (US)
1717 Main St., Suite 4600
Dallas, TX 75201
Telephone:  214.743.4509
Facsimile:   972.813.6246
E-Mail:  Andrew.Zollinger@dlapiper.com

Mark J. Friedman, (to be admitted pro hac vice)
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD  21209-3600
Telephone:  (410) 580-4153
Facsimile:  (410) 580-3001
E-Mail:  mark.friedman@dlapiper.com

*Counsel for The Coca-Cola Company*